UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Dorotheos K. MAFIDIS and Tatiana Foteini D. MAFIDI,<br>    Plaintiffs,<br><br>v.<br><br>SUBWAY INTERNATIONAL B.V.,<br>    Defendant. | Case. No.: 3:10-CV-119 (PCD) |

## RULING ON DEFENDANT'S MOTION TO DISMISS

On November 16, 2010, Defendant Subway International B.V. filed a motion to dismiss for Plaintiffs' failure to properly serve Defendant pursuant to Federal Rules of Civil Procedure 12(b)(5). For the reasons stated herein, Defendant's Motion to Dismiss [Doc. No. ] is **granted** and the complaint is dismissed without prejudice.

**I.   BACKGROUND**

Defendant, Subway International B.V. ("SIBV"), an international franchisor of SUBWAY® sandwich stores, is a Netherlands limited liability corporation with a principal place of business in Amsterdam. On January 19, 2007, Plaintiffs and SIBV entered into Franchise Agreement No. 41704 ("Franchise Agreement"), permitting Plaintiffs to operate a Subway restaurant in Greece provided that Plaintiffs pay Defendant weekly royalty and advertising fees out of the restaurant's gross sales. (Franchise Agr. ¶¶ 2,5.i.) The Franchise Agreement contained a dispute resolution clause that provides in relevant part: "[t]he parties will arbitrate any Dispute the parties do not settle under the discussion procedures above, and any Dispute which this Agreement provides will be submitted directly to arbitration, except as provided in the Agreement." (Franchise Agr. ¶ 10.c.) The Franchise Agreement also stipulated that any arbitration proceedings would follow the United Nations Commission on International Trade

Regulations and Law Arbitration Rules administered by an arbitration agency, such as the International Centre for Dispute Resolution, and any necessary hearings would be held in New York, New York. (Id.)

On November 4, 2008, SIBV filed a Demand for Arbitration with the American Dispute Resolution Center and sent notice of the Demand to Plaintiffs. The Demand claimed that Plaintiff breached paragraphs 2 and 5.i of the Franchise Agreement by failing to pay royalty and advertising fees. An arbitration hearing was conducted on February 4, 2009 in New York, New York. Plaintiffs failed to appear for the hearing and a default Arbitration Award was awarded to SIBV on February 6, 2009. The Arbitration Award found that Plaintiffs breached the Franchise Agreement, and it awarded the sum of 21,012.61 Euros (14,642.13 Euros in Royalties and 6,370.48 Euros in Advertising Fees) to SIBV.

On January 4, 2010, Plaintiffs filed this Motion to Vacate the Default Award of Arbitrator, claiming SIBV acted in bad faith. Plaintiffs mailed a copy of this Court's order to show cause, without including copies of the complaint or summons, to Franchise World Headquarters, LLC ("FWH") located in Milford, Connecticut and addressed it to SIBV. Plaintiffs did not send a copy of the order to show cause or a copy of the summons and the complaint to SIBV's principal place of business located in Amsterdam. SIBV now moves to have the case dismissed on the grounds that it was not properly served by Plaintiffs.

## II. DISCUSSION

Federal Rule of Civil Procedure 4(h) states that foreign corporations may be served "by delivering a copy of the summons and of the complaint to an officer . . . or any other agent authorized by appointment or by law to receive service of process . . ." or in any manner

prescribed by Rule 4(f). Rule 4(f) in turn states that a foreign corporation may be served "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents." Fed.R.Civ. P. 4(f)(1). See also Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361 (1969) ("Hague Convention on Service Abroad" or "Convention"); U.S. ex rel. Thomas v. Siemens AG, 708 F. Supp. 2d 505, 517-19 (E.D. Pa. 2010).

The Hague Convention on Service Abroad provides for service of foreign agents and "shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad." See Hague Convention, art. 1. Because both the United States and the Netherlands are members of the Convention, its means of service of process would apply to service on SIBV. Under the Convention, Plaintiffs' request for service of process must be forwarded to the agency designated by the Netherlands as the Central Authority to accept such requests. Id. at arts. 2, 3. The request must conform to the model contained in the Convention, and must include copies of the documents to be served. Id. at art. 3. If the Central Authority of the Netherlands "considers that the request does not comply with the provisions of the present Convention[,] it shall promptly inform the applicant and specify its objections to the request." Id. at art. 4. Otherwise, the Central Authority must serve the documents or must arrange to have them served by an appropriate agency "by a method prescribed by its internal law for the service of such documents in domestic actions upon persons who are in its territory" or "by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed." Id. at art. 5.

Pursuant to the Franchise Agreement, the parties agreed to accept service of process by written notification sent by mail. (Franchise Agr. ¶ 10.a.) Section 11.e of the Franchise Agreement states that all dispute notices should be sent to SIBV's primary place of business in the Netherlands until SIBV designates a different address by written notice. Plaintiffs sent the Court's order to show cause, without including the complaint and the summons, to FWH located in Milford, Connecticut. Although SIBV had a service contract with FWH to perform certain services for arbitration proceedings in the United States, FWH is a separate entity from SIBV and is not an agent authorized to accept service on behalf of SIBV. FWH was designated to handle the arbitration hearing between Plaintiffs and SIBV, but it was not designated or authorized to accept service for any further legal proceedings. Section 11.e of the Arbitration Agreement requires copies of any dispute notices to be sent to the legal division of FWH in Connecticut, but that clause does not change SIBV's principal place of business or otherwise invalidate the requirement that Plaintiffs serve SIBV at its principal place of business in the Netherlands.

Plaintiffs failed to comply with the service requirements mandated by the Federal Rules of Civil Procedure, the Hague Convention on Service Abroad, and the Franchise Agreement. Therefore SIBV's Motion to Dismiss for failure of proper service is granted and the complaint is dismissed without prejudice.

## III. CONCLUSION

For the reasons stated herein, Defendant's Motion to Dismiss [Doc. No. ] is **granted** and the complaint is dismissed without prejudice.

SO ORDERED.
Dated at New Haven, Connecticut, this  17th  of August

                                        /s/
                              Peter C. Dorsey, U.S. District Judge
                              United States District Court